UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.E., | CASE NO. C23-1748-KKE |
| Plaintiff(s), | ORDER DENYING DEFENDANTS' MOTION TO SEVER |
| v. | |
| HPT TRS IHG-2 Inc, et al., | |
| Defendant(s). | |

Plaintiff filed this action against two corporations[1] and one individual in King County Superior Court in October 2023. Dkt. No. 1-1. The corporate Defendants removed the suit to this Court in November 2023, at which time the individual Defendant had not yet been served. Dkt. No. 1. Plaintiff's complaint alleges that while she was a guest at a hotel owned and operated by the corporate Defendants, she was raped by the individual Defendant, Abrdurakhmon Mukhammadjonov, who was a hotel employee. Dkt. No. 1-1.

Plaintiff did not file a jury demand either when the case was pending in King County Superior Court or after it was removed, but indicated in a February 14, 2024 joint status report that she requested a jury trial or an advisory jury. *See* Dkt. No. 15 at 5. In response to that request, the Court entered a minute order indicating that the legal basis for this request was unclear, and

---

[1] The two corporate Defendants are HPT TRS IGH-2 Inc. and Sonesta International Hotels Corporation, referred to collectively as "the corporate Defendants."

ORDER DENYING DEFENDANTS' MOTION TO SEVER - 1

providing that if Plaintiff intended to file a motion for leave to file a late jury demand, she must do so no later than February 23, 2024, or the Court would schedule this matter for a bench trial. Dkt. No. 16.

Plaintiff did not request leave to file a jury demand or otherwise respond to the Court's order, and the Court scheduled this case for a bench trial set to begin in June 2025. *See* Dkt. No. 17. Plaintiff thereafter served Mukhammadjonov on April 27, 2024, and filed a jury demand on May 6, 2024. Dkt. Nos. 20–21. Plaintiff asserts only one claim against Mukhammadjonov, for battery, but asserts a sex discrimination claim under the Washington Law Against Discrimination ("WLAD") against the corporate Defendants. *See* Dkt. No. 1-1. Arguing that the claim against Mukhammadjonov will be tried by a jury and the claim against the corporate Defendants will proceed to a bench trial, and that the two claims asserted in Plaintiff's complaint have no common elements of law or fact, the corporate Defendants filed a motion to sever the claims into two separate actions under Federal Rule of Civil Procedure 21. *See* Dkt. No. 22.

According to the corporate Defendants, severing the action would promote judicial economy because they have proceeded further in litigation with Plaintiff than Mukhammadjonov has, given that he was only served in April 2024, while the corporate Defendants have already held their Rule 26(f) conference with Plaintiff, have exchanged initial disclosures, and served discovery requests. Dkt. No. 22 at 6. The corporate Defendants also note that Mukhammadjonov is facing criminal charges arising out of the same conduct alleged in this case, and they suspect that he will request a stay of Plaintiff's civil claim against him until his criminal case is resolved, which would delay resolution of her claim against the corporate Defendants if the claims were not severed. *Id*. at 7. Lastly, the corporate Defendants emphasize that WLAD has an attorney's fees provision that will allow Plaintiff to recover her fees if she prevails, and that it would "be difficult to parse

[Plaintiff's counsel's] efforts [with respect to the battery claim] from the efforts spent to adjudicate the independent claim against the [corporate] Defendants" if the claims are not severed. *Id*.

Plaintiff opposes[2] the motion to sever, disputing the corporate Defendants' contention that the claims are misjoined because they share no common issues of law or fact. Dkt. No. 25. According to Plaintiff, if the battery claim against Mukhammadjonov fails, the WLAD claim fails as well, and the corporate Defendants' argument regarding attorney's fees undercuts its argument that the claims are independent and unrelated. *Id*. at 2. Plaintiff also contends that the corporate Defendants have overstated the progress they have made in litigating the WLAD claim, emphasizing that "no depositions of fact witnesses or expert witnesses have occurred or even been scheduled yet[,]" and the trial is nearly one year away. *Id*.

Under Federal Rule of Civil Procedure 20, joinder of defendants is proper if (1) the plaintiffs assert a right to relief against them jointly, severally, or in the alternative, arising out of the same transaction and occurrence; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Federal Rule of Civil Procedure 21 explains that if parties are misjoined, the misjoinder is not a basis for dismissal because, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

"[E]ven if parties and claims have been properly joined, a court may, in its discretion, sever claims to 'comport with principles of fundamental fairness' or avoid prejudice to the parties or jury confusion." *Doe I v. Boy Scouts of Am.*, No. 1:13-cv-00275-BLW, 2014 WL 345641, at *2 (D. Idaho Jan. 30, 2014) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)); *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion

---

[2] Mukhammadjonov is proceeding *pro se* and did not file any opposition to the motion to sever, nor did he join in the motion or appear at the oral argument on the motion.

ORDER DENYING DEFENDANTS' MOTION TO SEVER - 3

"to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]"). "The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency." *Maverick Ent. Grp., Inc. v. Does 1–2, 115*, 810 F. Supp. 2d 1, 11 (D.D.C. 2011).

In this case, the Court exercises its discretion to deny the motion to sever at this time, without prejudice to refiling at a later date. At oral argument, the parties represented that Mukhammadjonov's criminal trial has been set for October 2024, and it is unlikely that any discovery related to him as to either claim alleged in Plaintiff's complaint could occur in this case before the criminal case is resolved. Given that both Plaintiff and the corporate Defendants expressed an intent to depose Mukhammadjonov, the Court is not persuaded that severing the claims at this time would allow the corporate Defendants to proceed with litigation without delay. Allowing the criminal case to resolve before definitively determining whether to sever this case—and before untangling the interrelated issue of the jury demand—promotes judicial economy and efficiency.

For these reasons, the Court DENIES the corporate Defendants' motion to sever (Dkt. No. 22) without prejudice, subject to refiling after resolution of Mukhammadjonov's criminal case.

Dated this 12th day of August, 2024.

Kymberly K. Evanson
United States District Judge