UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.E., <br><br> Plaintiff(s), <br> v. <br><br> HPT TRS IHG-2 Inc., et al., <br><br> Defendant(s). | CASE NO. C23-1748-KKE <br><br> ORDER DENYING DEFENDANTS' MOTION TO SEVER |

Two Defendants have renewed their motion to sever the two claims listed in Plaintiff's complaint, but have failed to show that severance would promote judicial economy and efficiency or avoid undue prejudice or delay. Accordingly, the Court will deny Defendants' motion to sever. Dkt. No. 40.

## I.    BACKGROUND

Plaintiff O.E. filed this action against two corporations, HPT TRS IHG-2 Inc. and Sonesta International Hotels Corporation (collectively "the Sonesta Defendants"), and one individual, Abdurakhmon[1] Mukhammadjonov, in King County Superior Court in October 2023. Dkt. No. 1-1. The Sonesta Defendants removed the suit to this Court in November 2023, at which time Mukhammadjonov had not yet been served. Dkt. No. 1. Plaintiff's complaint alleges that while she was a guest at a hotel owned and/or operated by the Sonesta Defendants, she was raped by

---

[1] This order spells Mukhammadjonov's first name in accordance with his answer. *See* Dkt. No. 21.

ORDER DENYING DEFENDANTS' MOTION TO SEVER - 1

Mukhammadjonov, who was a hotel employee at the time. Dkt. No. 1-1 at 5–6. Plaintiff asserts one claim against Mukhammadjonov, for battery, and asserts a sex discrimination claim under the Washington Law Against Discrimination ("WLAD") against the Sonesta Defendants. *See id*.

Plaintiff did not file a jury demand either when the case was pending in King County Superior Court or after it was removed, but indicated in a February 14, 2024 joint status report ("JSR") that she requested a jury trial or an advisory jury.[2] *See* Dkt. No. 15 at 5. The Sonesta Defendants stated their position that Plaintiff had waived her right to a jury trial. *Id*. at 6. In response to Plaintiff's request, the Court entered a minute order indicating that the legal basis for this request was unclear, and providing that if Plaintiff intended to file a motion for leave to file a late jury demand, she must do so no later than February 23, 2024, or the Court would schedule this matter for a bench trial. Dkt. No. 16. Plaintiff did not request leave to file a jury demand or otherwise respond to the Court's order, and the Court scheduled this case for a bench trial set to begin in June 2025. *See* Dkt. No. 17.

Plaintiff thereafter served Mukhammadjonov on April 27, 2024, and filed a jury demand on May 6, 2024.[3] Dkt. Nos. 20–21. Mukhammadjonov filed an answer on May 13, 2024. Dkt. No. 22. Arguing that the claim against Mukhammadjonov will be tried by a jury and the claim against the Sonesta Defendants should proceed to a bench trial (because Plaintiff waived her right to demand a jury trial on the WLAD claim), and that the two claims asserted in Plaintiff's complaint have no common elements of law or fact, the Sonesta Defendants filed a motion to sever the claims into two separate actions under Federal Rule of Civil Procedure 21. *See* Dkt. No. 22.

---

[2] At the time that the JSR was filed, Plaintiff had not served nor even located Mukhammadjonov. Dkt. No. 15 at 8.

[3] Plaintiff filed the jury demand on the docket, but Mukhammadjonov did not receive notice of it at the time that it was filed because he had not yet appeared (and therefore did not receive notification of filings). *See* Dkt. No. 20.

- 2

The Court denied that motion without prejudice to refiling after the conclusion of Mukhammadjonov's criminal trial:

> Given that both Plaintiff and the [Sonesta] Defendants expressed an intent to depose Mukhammadjonov, the Court is not persuaded that severing the claims at this time would allow the [Sonesta] Defendants to proceed with litigation without delay. Allowing the criminal case to resolve before definitively determining whether to sever this case—and before untangling the interrelated issue of the jury demand—promotes judicial economy and efficiency.

Dkt. No. 33 at 4.

Since that order was entered, the Court granted the parties' stipulated motion to continue the trial date to September 29, 2025. Dkt. No. 36. Mukhammadjonov's criminal trial resulted in his conviction for indecent liberties and in December 2024 he was sentenced to a 15-month prison term. Dkt. No. 41 at 29–34. Discovery in this matter has started but is not yet complete; no depositions have been taken and the parties recently resolved a discovery dispute that delayed other discovery. *See* Dkt. No. 40 at 3; Dkt. No. 52.

The Sonesta Defendants have now renewed their motion to sever. Dkt. No. 40. After the Court heard oral argument on the motion to sever, the Court granted another stipulated motion to continue the trial date to January 26, 2026. Dkt. No. 55.

As explained herein, because the Court finds that severing the claims in this case would not promote efficiency or judicial economy, the Court will deny the Sonesta Defendants' motion.

## II.    ANALYSIS

### A.    Legal Standards

Under Federal Rule of Civil Procedure 20, joinder of defendants is proper if (1) the plaintiff asserts a right to relief against them jointly, severally, or in the alternative, arising out of the same transaction and occurrence; and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Federal Rule of Civil Procedure 21 explains that if

- 3

parties are misjoined, the misjoinder is not a basis for dismissal because "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

"[E]ven if parties and claims have been properly joined, a court may, in its discretion, sever claims to 'comport with principles of fundamental fairness' or avoid prejudice to the parties or jury confusion." *Doe I v. Boy Scouts of Am.*, No. 1:13-cv-00275-BLW, 2014 WL 345641, at *2 (D. Idaho Jan. 30, 2014) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)); *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the Court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]").

**B.    Severing the Claims Would Not Promote Judicial Economy or Efficiency, Nor Would It Avoid Undue Prejudice or Delay.**

The Sonesta Defendants contend that severance is appropriate for multiple reasons. First, assuming that Plaintiff's jury demand is not applicable to the Sonesta Defendants, such that there would be different fact-finders for each claim, the Sonesta Defendants argue that it would be more efficient to try the claims separately. Dkt. No. 40 at 4. Second, the Sonesta Defendants contend that severance would allow them to avoid any delay necessitated by Mukhammadjonov's incarceration as well as the prejudice to the Sonesta Defendants arising from a joint trial with a convicted felon. *Id*.

The Court rejects both of these arguments and finds that severance is not appropriate under the facts of this case.

*1.    Both Claims in This Action Will Be Tried By a Jury.*

Federal Rule of Civil Procedure 38(b)(1) provides that "[o]n any issue triable of right by a jury," a written jury demand must be served "no later than 14 days after the last pleading directed

to the issue is served." For purposes of Rule 38, the "issue" refers to an issue of fact, not a legal theory. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005). The Ninth Circuit has held that "[w]hen defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and *any* of the jointly liable defendants." *Bentler v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 959 F.2d 138, 140 (9th Cir. 1992); *compare In re Kaiser Steel*, 911 F.2d 380, 388 (10th Cir. 1990) ("Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand.").

Plaintiff's complaint does not suggest that the Defendants are jointly and severally liable; instead, it lists separate claims against Mukhammadjonov and the Sonesta Defendants. Dkt. No. 1-1 at 6–7. Nonetheless, Mukhammadjonov's answer (Dkt. No. 21) is directed to a common "issue" for purposes of Rule 38(b)(1) because it denies/disputes factual issues triable by a jury (*i.e.*, whether Mukhammadjonov committed the tort of battery, which Plaintiff alleges constitutes an act of sex discrimination, and the amount of any resulting damages). *See, e.g.*, *SEC v. Path America, LLC*, No. C15-1350JLR, 2016 WL 11683755 at *3–4 (W.D. Wash. Feb. 26, 2016) (finding that *Bentler*'s holding is not limited only to cases involving jointly and severally liable defendants and finding that the later-served defendants' answer was the last pleading directed to an issue triable of right by a jury under Rule 38(b)). Accordingly, the Court finds that Plaintiff's May 2024 jury demand was valid and timely as to the action as a whole because it was served before the expiration of 14 days after the filing of Mukhammadjonov's answer, and that answer addressed issues of fact common to all Defendants. Although Plaintiff's counsel could certainly have filed a jury demand sooner, and has admitted to a lack of diligence in responding to Court orders (Dkt. No. 38 at 13), the Court nonetheless finds that the jury demand that Plaintiff eventually filed is timely.

> 2. *Severing the Claims Would Be Inefficient and the Sonesta Defendants Have Not Shown That Undue Prejudice Would Result Without Severance.*

The Court now turns to consider whether the two claims in this case should be severed or tried together. The Sonesta Defendants make three arguments in favor of severance: (1) keeping the claims together would result in "delay and other infirmities" caused by Mukhammadjonov's "lengthy incarceration", (2) the distinct legal standards between the WLAD claim and the battery claim could be confusing for a jury to keep straight, and (3) the jury's passions could be inflamed by the evidence of Mukhammadjonov's battery and therefore prejudiced against the Sonesta Defendants. Dkt. No. 50 at 3–4.

The Court rejects each of these arguments. First, it is not clear that Mukhammadjonov's incarceration is the only source of delay at issue in this litigation: the parties have already requested two continuances for reasons unrelated to Mukhammadjonov's incarceration. *See* Dkt. Nos. 34, 54. It is possible that Mukhammadjonov's incarceration may end before Plaintiff and the Sonesta Defendants are ready to proceed to trial.

Second, the Sonesta Defendants cite no authority to support their speculation that jury confusion or bias would result if these claims were tried together. The parties agreed at oral argument that it is likely that the only issue tried by the jury may be damages, and while there may be different evidence presented as to the different Defendants, the Sonesta Defendants have not given the Court any reason to assume that these issues would be unduly confusing for a properly instructed jury.

Moreover, the Sonesta Defendants have not shown that trying the battery claim and the WLAD claim together would be unduly prejudicial. Instead, the Court is persuaded that severing the claims would increase inefficiency and increase the risk of inconsistent outcomes, given that the WLAD claim is inextricably tied to the battery claim.

In order to succeed on a WLAD claim, a plaintiff must make a prima facie case of discrimination. This requires proof that:

> (1) the plaintiff is a member of a protected class, (2) the defendant's establishment is a place of public accommodation, (3) the defendant discriminated against the plaintiff when it did not treat the plaintiff in a manner comparable to the treatment it provides to persons outside that class, and (4) the plaintiff's protected status was a substantial factor that caused the discrimination.

*Floeting v. Grp. Health Coop.*, 434 P.3d 39, 41 (Wash. 2019). Sexual assault constitutes gender-based discrimination as a matter of law. *See W.H. v. Olympia Sch. Dist.*, No. C16-5273 BHS, 2022 WL 136837, at *2–3 (W.D. Wash. Jan. 14, 2022) (citing *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065–66 (9th Cir. 2002)). Under Washington law, battery is a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent"; an assault is any such act that causes apprehension of a battery. *McKinney v. Tukwila*, 13 P.3d 631, 641 (Wash. Ct. App. 2000). And, importantly, an employer is held strictly liable for its employee's discriminatory acts. *See Floeting*, 434 P.3d at 44.

Given this factual and legal link between the battery claim and the WLAD claim, which the Sonesta Defendants did not address in their briefing and failed to materially dispute when asked at oral argument, the Court finds that it would be inefficient to sever these claims.

For all of these reasons, the Court will deny the Sonesta Defendants' motion to sever.

### III. CONCLUSION

The Court DENIES Defendants' motion to sever. Dkt. No. 40. The clerk is instructed to issue an amended case schedule setting this matter for a jury trial.

Dated this 1st day of April, 2025.

Kymberly K. Evanson
United States District Judge

- 8